*70 The decision of the court below was reversed on June 17, 1878, in the following opinion by
Trunkey, J.:
There was no error in saying “that there is nothing in the reglations prescribed in Form 43 which makes it an inflexible rule of the company that a second class freight agent shall' furnish a a warehouse for the use of the company free of charge.” That form is just what it purports to be, and that is, “rates of commissions which may be charged by second class agents.” It pré~ scribes that when agents furnish the buildings or grounds used for storage or warehouse purposes, tree of charge to the company, they may retain the charges for this service, otherwise remit such charges to the Superintendent. In case of conflicting evidence as to the furnishing of the house and ground, and no claim for express contract for payment of rent, the accounts rendered monthly by the agent and received by the company without objection, ought to be an unerring guide to the truth. If the agent retained the charges for storage on what just principle can he afterwards claim the rent? If be remitted the charges how can the company, accepting them, escape liability for the use of the premises ? The course of dealing for a year and four months, following the explicit terms for retention or' remission of charges, ought to be a law to the parties, not to be set aside by pretence of either that he did not know what his own agent was doing.
Brisbin, the plaintiff, and Wilkins, the Superintendent of defendant, agree that there was no contract for payment of rent. Taylor, then special agent and now auditor of defendant, testified that form 43 is the only contract with second class freight agents •of which he has knowledge, and he knew of only one station on the line of the road where an amount of money was paid for any such services, and that not for use of a warehouse, but for a large lot of ground for storing cars. In cross-examination he said, as a,general thing where the company owns the warehouses it has first class agents, and owns them in very few instances where they have second class agents. “Q. There is no rule requiring a second class agent to furnish a warehouse ? A. No, sir ; but he would not be appointed a second class agent unless he had a warehouse to furnish.” The station book was put in evidence, and also the *71 returns made by the plaintiff to the company. The attention of Taylor was called to a few items charging “for the use of sidings,” when he testified to the mode of making the accounts.
The defendant’s second point was, “That if the jury believe that the plaintiff was appointed second class freight agent, and accepted the appointment, and the rules and regulations of the defendant required him to furnish his own warehouse, and that he did so, and made and collected commissions or charges upon goods, wares, &c., stored therein, and under the rules and regulations of the defendant retained the same, and received compehsation in this manner, he cannot recover in. this action, and the verdict must be for defendant.” The court answered, “This point is refused for the reason that it would withdraw from the consideration of the jury the evidence in the cause.” This is assigned for error, and is the only assignment requiring notice.
The point asked instructions against the plaintiff if the jury believed certain facts. These were: 1. That the plaintiff was appointed and accepted the place of second class freight agent. 2. That he was required to furnish by the rules and regulations and did furnish his own warehouse. 3. That- he collected commissions and charges upon goods stored in said warehouse. 4. That he retained the same under the rules and regulations of defendant and thereby received compensation. The first was proved by the plaintiff himself. For what were the station book and the accounts rendered by plaintiff offered and received in evidence if not to prove the third and fourth ? There was evidence to warrant submission of the second. The plaintiff did furnish his warehouse. Form 43 contemplated such furnishing. Taylor’s testimony tended to show no one would have been’appointed who had none. If the third and fourth were found, the jury ought to have found that the warehouse was furnished free of rent. The point was not refused for want of evidence of any fact to warrant the jury in finding it, but for a very different reason plainly expressed. Yet its affirmation would have assumed no fact nor have taken‘any evidence from the jury. In view of the clear presentation of almost every other phase of the case we think it should have been affirmed. If considered objectionable because of repetition of the words “rules and regulations,” obviously in a differ- *72 sense, it would have been better to have simply refused. The added words may have turned the jury from consideration of the evidence tending to prove the facts mentioned in the point. However, the defendant was entitled to have the proposition given to the jury, and if it was so framed that the court deemed its simple affirmance liable to mislead, they could have given it in their own language, as they did when answering another.
Judgment reversed, and venire facias de novo awarded.